COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036
(212) 790-9200
Thomas Kjellberg (txk@cll.com)
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- x

RHINESTONE JEWELRY CORPORATION, :

Plaintiff, :

-against- : **No.** 1:17-cv-8202

BLING JEWELRY INC., EJEWELER.COM LLC d/b/a OVERSTOCKJEWELER.COM, ELENA CASTAÑEDA, and JOHN DOES 1-10 : :

Defendants.

---------------------------------------------------------------------- x

## COMPLAINT

Plaintiff Rhinestone Jewelry Corporation, by its attorneys, Cowan, Liebowitz & Latman, P.C., for its Complaint against Defendants Bling Jewelry, Inc., Ejeweler.com LLC d/b/a overstockjeweler.com, Elena Castañeda and John Does 1-10 alleges:

## NATURE OF THE ACTION

1. This is a civil action for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

## PARTIES

2. Plaintiff Rhinestone Jewelry Corporation ("Rhinestone") is a New York corporation with its principal place of business at 2028 McDonald Avenue, Brooklyn, New York 11223.

3.      Since 1991 Rhinestone, a family-owned company, has been engaged in the business of designing, creating, and selling costume jewelry, including tiaras, crowns and pageant jewelry.

4.      Upon information and belief, Defendant Bling Jewelry Inc. ("Bling Jewelry") is a New York corporation with its principal place of business at 1261 Broadway, Suite 1002, New York, New York 10001.

5.      Upon information and belief, Defendant Ejeweller.com LLC ("Ejeweller.com") is a New York limited liability company with its principal place of business at 351 East 84th Street, New York, New York 10028.

6.      Upon information and belief, Defendant Elena Castañeda is the Chief Executive Officer of Bling Jewelry and Ejeweller.com, and is a moving, active and conscious force behind Bling Jewelry and Ejeweller.com.

7.      Upon information and belief, Defendants John Does 1-10 are individuals who have engaged and participated, directly or contributorily, in the unlawful acts set forth herein. The true identities of Defendants John Does 1-10 are not presently known to Rhinestone. Rhinestone will amend its complaint upon discovery of the identities of such Defendants.

8.      Upon information and belief, Defendants are engaged in the business of importing, selling and distributing jewelry and accessories.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

10. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants reside in, and have distributed or sold infringing merchandise within, the State of New York.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

## RHINESTONE'S COPYRIGHTED JEWELRY DESIGNS

12. Rhinestone products are advertised and sold throughout the United States.

13. Rhinestone's business is built in large part on its original jewelry designs, which are created in-house, as works made for hire, by Rhinestone's employees at substantial expense, in an ongoing effort to appeal to existing and potential customers in the highly competitive costume and pageant jewelry industry.

14. Beginning in 1994, Rhinestone has secured over 300 federal copyright registrations for its original jewelry designs.

15. Rhinestone's original and innovative designs have been seen in network television programs and major motion pictures, and have received numerous honors, including selection for inclusion in the collection of the Cooper Hewitt-Smithsonian Design Museum in New York City.

**Rhinestone Jewelry Design No. 14828, "Meadow Princess Side Hair Comb"**

16. In 2008, Rhinestone's in-house designer created an original jewelry design designated as Jewelry Design No. 14828 or "Meadow Princess Side Hair Comb," and in 2009 Rhinestone began to sell and distribute products bearing Jewelry Design No. 14828 or "Meadow Princess Side Hair Comb."

17. Rhinestone Jewelry Design No. 14828 is registered in Rhinestone's name at the United States Copyright Office under Registration No. VAu 972-975, with an effective date of September 24, 2008.

3

**Rhinestone Jewelry Design No. 14396, "Large Botticelli Side Comb"**

18.     In 2007, Rhinestone's in-house designer created an original jewelry design designated as Jewelry Design No. 14396 or "Large Botticelli Side Comb," and in 2008 Rhinestone began to sell and distribute products bearing Jewelry Design No. 14396 or "Large Botticelli Side Comb."

19.     Rhinestone Jewelry Design No. 14396 is registered in Rhinestone's name at the United States Copyright Office under Registration No. VAu 959-166, with an effective date of March 11, 2008.

**Rhinestone Jewelry Design No. 14827, "Tapered Climbing Floral Side Hair Comb"**

20.     In 2008, Rhinestone's in-house designer created an original jewelry design designated as Jewelry Design No. 14827 or "Tapered Climbing Floral Side Hair Comb," and in 2009 Rhinestone began to sell and distribute jewelry products bearing Jewelry Design No. 14827 or "Tapered Climbing Floral Side Hair Comb."

21.     Rhinestone Jewelry Design No. 14827 is registered in Rhinestone's name at the United States Copyright Office under Registration No. VAu 972-975, with an effective date of September 24, 2008.

**DEFENDANTS' INFRINGEMENTS**

22.     Upon information and belief, Defendants have promoted, advertised, sold and distributed, through their websites blingjewelry.com and overstockjeweler.com, and on other websites including but not limited to amazon.com, walmart.com, pricefalls.com and cartcrush.com, jewelry products bearing designs that are copied from and are substantially or

strikingly similar to the above-described copyrighted designs (the "Rhinestone Jewelry Designs"):

(a) A product designated as, inter alia, "bling-jewelry-meadow-leaf-princess-side-crystals-bridal-tiara-hair-comb" that unlawfully bears, and infringes Rhinestone's registered copyright in, Rhinestone Jewelry Design No. 14828, "Meadow Princess Side Hair Comb":



Rhinestone Jewelry Design No. 14828
Meadow Princess Side Hair Comb
U.S. Registration No. VAu 972-975



https://www.blingjewelry.com/bling-jewelry-meadow-leaf-princess-side-crystals-bridal-tiara-hair-comb.html

(b)     A product designated as, inter alia, "bling-jewelry-large-botticelli-flower-bridal-crystals-tiara-side-comb" that unlawfully bears, and infringes Rhinestone's registered copyright in, Rhinestone Jewelry Design No. 14396, "Large Botticelli Side Comb":



Rhinestone Jewelry Design No. 14396
Large Botticelli Side Comb
U.S. Registration No. VAu 959-166



https://www.blingjewelry.com/bling-jewelry-large-botticelli-flower-bridal-crystals-tiara-side-comb.html

(c) A product designated as, inter alia, "bling-jewelry-laurel-leaves-rhinestone-princess-bridal-tiara-hair-comb" that unlawfully bears, and infringes Rhinestone's registered copyright in, Rhinestone Jewelry Design No. 14827, "Tapered Climbing Floral Side Hair Comb":



Rhinestone Jewelry Design No. 14827
Tapered Climbing Floral Side Hair Comb
U.S. Registration No. VAu 972-975



https://www.blingjewelry.com/bling-jewelry-laurel-leaves-rhinestone-princess-bridal-tiara-hair-comb.html

23. On August 25, 2017, Rhinestone formally notified Defendants that they were infringing Rhinestone's rights, and demanded that Defendants cease and desist from further infringement.

24. On October 9, 2017, Defendants responded to Rhinestone's notification:

> After further research we brought from Rhinestone company directly online under Overstock Jeweler or Ejeweler. Or my name under my credit card. Also brought these fromthe from TK creation which was one of there distributors in Manhattan who closed about nine months ago. We have discontinue these items and have no intentions of selling Tiara in the future not our core business. Please have your client check their records it would be under one of our three Broadway addresses. I consider this matter closed.. There is nothing to recover here.

25. Rhinestone is the sole wholesale source of jewelry products bearing Rhinestone's original copyrighted designs.

26. Rhinestone has no relationship with, and indeed no knowledge of, any entity called "TK creation." "TK creation" was not a distributor of legitimate Rhinestone products. Any pieces of jewelry bearing Rhinestone Jewelry Design No. 14828, Rhinestone Jewelry Design No. 14396, and/or Rhinestone Jewelry Design No. 14827 sold by Defendants that Defendants "bought … from TK creation" were infringing knock-offs.

27. Rhinestone's records reflect that between August 2010 and May 2013 Defendants purchased a total of 59 pieces of Rhinestone Jewelry Design No. 14828, "Meadow Princess Side Hair Comb," from Rhinestone. On information and belief, Defendants have offered for sale and sold more than 59 units of "bling-jewelry-meadow-leaf-princess-side-crystals-bridal-tiara-hair-comb." Any units in excess of 59 that were offered for sale and sold by Defendants were infringing knock-offs.

28. Rhinestone's records reflect that between August 2010 and May 2013 Defendants purchased a total of 113 pieces of Rhinestone Jewelry Design No. 14396, "Large Botticelli Side Comb," from Rhinestone. On information and belief, Defendants have offered for sale and sold more than 113 units of "bling-jewelry-large-botticelli-flower-bridal-crystals-tiara-side-comb." Any units in excess of 113 that were offered for sale and sold by Defendants were infringing knock-offs.

29. Rhinestone's records reflect that Defendants _never_ purchased Rhinestone Jewelry Design No. 14827, "Tapered Climbing Floral Side Hair Comb," from Rhinestone. Any and all units of "blingjewelry.com/bling-jewelry-laurel-leaves-rhinestone-princess-bridal-tiara-hair-comb" that were offered for sale and sold by Defendants were infringing knock-offs.

30108/012/2332874.1

30. The acts of Defendants described above were committed without the permission, license or consent of Rhinestone.

31. Upon information and belief, the acts of Defendants described above were committed with knowledge or in reckless disregard of Rhinestone's exclusive rights in the Rhinestone Jewelry Designs.

**CLAIM FOR RELIEF**
**(Copyright Infringement)**

32. Rhinestone repeats and realleges the assertions contained in paragraphs 1 through 31 above.

33. Rhinestone is the author of, and sole proprietor of all right, title and interest in and to the copyrights in, each of the Rhinestone Jewelry Designs. Under 17 U.S.C. § 106, Rhinestone has the exclusive right to reproduce, distribute, publicly display and prepare derivative works based on the Rhinestone Jewelry Designs.

34. As alleged above, Defendants have infringed the copyrights in each of the Rhinestone Jewelry Designs by unlawfully manufacturing or causing to be manufactured, importing, publicly displaying, promoting, selling and/or distributing products bearing designs that are copied from and substantially similar to the Rhinestone Jewelry Designs.

35. Defendants' infringements are willful in that they are committed with knowledge or in reckless disregard of Rhinestone's exclusive rights in the Rhinestone Jewelry Designs.

36. Rhinestone is entitled to recover from Defendants its actual damages as well as the profits of Defendants attributable to each of the infringements and not taken into account in computing actual damages, pursuant to 17 U.S.C. § 504(b); or, at Rhinestone's election, an

award of statutory damages pursuant to 17 U.S.C. § 504(c) with respect to each of the Rhinestone Jewelry Designs infringed by Defendants.

37. Rhinestone is also entitled to recover its costs and attorneys' fees from Defendants pursuant to 17 U.S.C. § 505.

38. As a result of Defendants' copyright infringements, Rhinestone has suffered, and will continue to suffer, irreparable injury not fully compensable in monetary damages, and is therefore entitled to an injunction enjoining Defendants from engaging in their infringing activities.

**WHEREFORE**, Rhinestone prays that the Court:

1. Find that Defendants have willfully infringed Rhinestone's registered copyrights in the Rhinestone Jewelry Designs;

2. Preliminarily and permanently enjoin Defendants, their officers, agents, employees, and related companies, and all persons acting for, with, by, through, or under them, from manufacturing, copying, reproducing, importing, distributing, advertising, promoting, offering for sale or selling products or articles bearing any design identical or substantially similar to any Rhinestone Design;

3. Order the impoundment and destruction of the infringing products under 17 U.S.C. § 503;

4. (a) Award to Rhinestone, pursuant to 17 U.S.C. § 504(c), its actual damages incurred as a result of Defendants' acts of copyright infringement, and all profits Defendants realized as a result of such unlawful acts, in amounts to be determined at trial; or

(b) In the alternative, award to Rhinestone, at its election, statutory damages pursuant to 17 U.S.C. § 504(c);

10

  5. Award to Rhinestone, pursuant to 17 U.S.C. § 505, its costs and attorneys' fees incurred as a result of Defendants' unlawful acts; and

  6. Grant such other and further relief as the Court deems necessary and proper under the circumstances.

Dated: New York, New York
   October 24, 2017

        Respectfully submitted,

        COWAN, LIEBOWITZ & LATMAN, P.C.


        By: s/Thomas Kjellberg
          Thomas Kjellberg

        114 West 47th Street
        New York, New York 10036
        (212) 790-9202
        txk@cll.com

        Attorneys for Plaintiff